[Cite as *State v. Kronenberg*, 2012-Ohio-589.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96797

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHELLE L. KRONENBERG

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548068

**BEFORE:** Stewart, J., Blackmon, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Ma'rion D. Horhn
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1}   The court found defendant-appellant Michelle Kronenberg guilty of violating a protection order and guilty of telecommunications harassment. Kronenberg, who had a 2010 conviction for telecommunications harassment with the same victim, had been ordered not to contact the victim or his family "in any form" for a period of five years.   Kronenberg admittedly twice called the victim and appeared at his house, but claimed she did so out of desperation because she was homeless and had no one else to turn to for help.   She argues that she thus lacked the intent to "harass" the victim as

required by the harassment statute, so there was insufficient evidence to convict her and that, in any event, her conduct should be excused by the necessity to seek aid from the victim.

I

{¶2} Kronenberg first argues that the state failed to offer sufficient evidence to sustain a conviction for telecommunications harassment. She argues that R.C. 2917.21(B) requires that one act with a purpose to "abuse, threaten, or harass" and that the two messages she left with the victim were insufficient to prove that purpose beyond a reasonable doubt.

{¶3} We determine whether the evidence is sufficient to sustain a verdict by examining the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, at ¶ 78, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶4} The state charged Kronenberg under R.C. 2917.21(B), which states that "[n]o person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person." A person acts "purposely" when "it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the

offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).

**{¶5}** Even though we are obligated to view the facts most favorably to the state, the facts are undisputed. Kronenberg and the victim had a brief work relationship in the early 1990s. That relationship terminated after a few months, but Kronenberg and the victim remained friendly for years. Kronenberg, however, started abusing the relationship by constantly calling the victim, sometimes calling the victim as many as 100 times a day, with no regard for the hour of the call. This abusive behavior led to several prosecutions starting in 2007.

**{¶6}** In 2010, Kronenberg so monopolized the victim's telephone that no one else could reach him. If the victim was away from his telephone, Kronenberg would leave voice messages or directly call his employer to be put through to him. The breaking point came when Kronenberg began appearing at the victim's home, causing him to be concerned for his family. Kronenberg was convicted of telecommunications harassment with a specification showing that she had previously been convicted of telephone harassment in 2008. We affirmed the conviction on appeal. *See State v. Kronenberg*, 8th Dist. No. 94691, 2011-Ohio-1069, 2011 WL 827580. The trial court entered a protection order that prohibited Kronenberg from initiating or having contact with the victim in "any form."

**{¶7}** The telephone calls made to the victim by Kronenberg occurred just after she had been released from the jail term ordered under the 2010 conviction. Kronenberg

testified that she had no place to stay and was running low on money and cigarettes, so she decided to call the victim to ask for his help. The victim took the call, but did not say anything. Kronenberg called back later that day saying that her intent in talking to the victim was that, while she was hurt that the victim had unilaterally terminated their friendship, she was "willing to let bygones be bygones." Importantly, Kronenberg testified that:

> I had already, as far as violating the protection order, I already did. I called him that morning. The reason I called was to leave a message because at least I would have the chance to explain.

> I was going to be arrested for that phone call — that at least I was going to be able to explain what was going on. And I don't hold grudges. I needed help. I was in trouble at that point.

**{¶8}** The quoted testimony shows beyond all doubt that Kronenberg acted purposely by violating the protection order when she called and visited the victim.

**{¶9}** Kronenberg argues that two telephone calls were not enough to constitute telecommunications harassment. We disagree. The offense of telecommunications harassment is not a number's game. R.C. 2917.21(B) can, in some circumstances, be violated with a single telephone call that rises to the level of harassment, while under different circumstances, a number of telephone calls might not constitute the kind of abusive, threatening, or harassing behavior the statute is intended to prohibit. The specific facts of each case must be examined to determine whether a defendant violated the statute.

**{¶10}** Given her prior history of harassing the victim and the very clear terms of the protection order that prohibited her from having any contact with the victim, one telephone call by Kronenberg would suffice under the circumstances to prove that she acted with the intent to harass the victim. The victim testified that he filed charges in the 2010 case because he "wanted her totally out of my life, to forget about me, stop making any phone calls." When he saw that Kronenberg had twice called him, he knew it "wasn't a cry for help" and that if he answered the call, "it would have started the whole thing over again." Kronenberg had an admitted pattern of harassing the victim and her stated reasons for calling — the need for money and cigarettes — were simply a pretext for trying to renew a relationship that she knew had been terminated by the victim. By continuing to call him, even though she knew he did not wish to have any contact, Kronenberg acted with the requisite purpose to commit telecommunications harassment.

II

**{¶11}** Kronenberg next argues that the court's judgment of conviction is against the manifest weight of the evidence because she lacked any intent to harass or annoy the victim. She claims that she did not act in an annoying or harassing manner and that she believed that her relationship with the victim could be salvaged because the victim had assisted her in the past.

**{¶12}** The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the

trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986). The use of the word "manifest" means that the trier of fact's decision must be plainly or obviously contrary to all of the evidence. This is a difficult burden for an appellant to overcome because the resolution of factual issues resides with the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

**{¶13}** As Kronenberg essentially reiterates the arguments she made in her first assignment of error, we overrule them by reference to our discussion of those same arguments. We do note, however, that Kronenberg's argument that she genuinely believed that the victim might reconsider the protection order is not worthy of credence. The protection order specifically stated that the alleged victim:

> [C]annot give you legal permission to violate this order. If you go near the petitioner or other protected persons, even with their consent, you will be arrested. <u>You act at your own risk if you disregard this WARNING</u>. (Emphasis sic.)

**{¶14}** This was at least the fifth prosecution involving Kronenberg's harassment of the victim, the last of which resulted in a jail term. She could not credibly testify that she thought the victim might change his mind and decide to talk to her. Kronenberg makes much of the fact that she acted out of necessity, but she did not raise necessity as an affirmative defense at trial. In any event, the court could rationally find that

Kronenberg used necessity as an excuse to make contact with the victim (she testified that she was hoping the victim would "throw bus fare at me or a couple of cigarettes or something"). During questioning by the court, it became apparent that Kronenberg called the victim because she was hurt by the cessation of their friendship, not by any true monetary need.

{¶15} Kronenberg knew that the victim did not wish to have any contact with her yet called him in a desperate attempt to rekindle their past relationship. The court did not lose its way by finding her guilty of telecommunications harassment.

### III

{¶16} The third and fourth assignments of error collectively argue that R.C. 2917.21(B) is unconstitutionally vague and overbroad. We reject these arguments because Kronenberg did not raise the constitutionality of R.C. 2917.21(B) to the trial court, so she has waived the issue and cannot raise it for the first time on appeal. *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
EILEEN A. GALLAGHER, J., CONCUR