[Cite as *State v. Sanders*, 2012-Ohio-3566.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97383

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# WILLIAM SANDERS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART,
## REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-551265

**BEFORE:**   Keough, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   August 9, 2012

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Hts., OH 44118

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Mary Court Weston
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, William Sanders, appeals from the trial court's judgment, rendered following a jury verdict, finding him guilty of aggravated robbery, felonious assault, and discharge of a firearm. For the reasons that follow, we affirm the findings of guilt, but reverse Sanders's sentence and remand for resentencing.

{¶2} In June 2011, Sanders was charged in a seven-count indictment with two counts of aggravated robbery (Counts 2 and 3), two counts of felonious assault against alleged victim Jason Furcsik (Counts 4 and 5), one count of felonious assault against alleged victim James Butler (Count 6), one count of kidnapping (Count 1), and one count of discharge of a firearm (Count 7). All counts contained one- and three-year firearm specifications. The matter proceeded to a jury trial.

{¶3} The jury heard testimony regarding an incident that occurred on May 24, 2011, around 11:45 p.m. in the area of West 83rd Street and Detroit Road in Cleveland. The victim, Jason Furcsik, testified that while seated in his vehicle on West 83rd Street and Detroit Road, he heard a man say to him, "[g]et out of the car or I'll kill you." Furcsik then felt a gun pointed at the side of his head. He testified that he saw another person on the passenger side of his car. When the person tried to open the passenger

door, Furcsik shifted his car into drive and sped away. As he started to drive away, the gun was fired and Furcsik was shot in the leg.

{¶4} James Butler was walking with his friend along Detroit Road when he noticed two men running from an alley to a vehicle parked off West 83rd and Detroit. He did not recognize the male who approached the driver's side of the vehicle but heard him tell the driver to "give me your money and everything in the car." Butler testified that he heard yelling and then saw a gun. Butler recognized the other male, whom he knew as "Will," and saw him approach the passenger's side of Furcsik's car. Butler testified that he knew "Will" from the streets and had seen and talked with him on prior occasions. According to Butler, "Will" was trying to enter the vehicle from the passenger side when the car sped off. He testified that the male with the gun shot once as the vehicle sped off and, after making eye contact with Butler, shot the gun in his direction. Butler then fled the scene on foot, locating a police cruiser in the area of West 65th Street and Detroit Road. He told the officers he had just witnessed a shooting on West 83rd Street. Butler admitted on direct examination that out of fear for his safety, he did not immediately disclose to the police that he knew one of the perpetrators. However, after speaking with Detective Beverly Fraticelli, he disclosed the identity of the man on the passenger side of Furcsik's vehicle as "Will."

{¶5} Detective Fraticelli testified that she was assigned to investigate the shooting. Fraticelli learned that the possible suspect was named "Will" and obtained his physical

description — black male, age 19, about 5 foot 9 to 10 inches tall — that she gave to Detective Robert Beveridge for further investigation.

{¶6} Detective Beveridge testified that he utilized the police department's Record Marking System ("RMS") to help determine the identity of "Will." While interviewing individuals in the West 83rd Street and Detroit Road area, he would run their names through the RMS to find and identify any individuals associated with them. According to Beveridge, his efforts led him to one person named "Will" — William Sanders. He then ran Sanders's name through the RMS and saw that his physical description matched the physical description of "Will" given by Butler. From there, he ran Sanders's name and information in OHLEG (Ohio Law Enforcement Gateway) and printed out his photograph.

{¶7} From this photograph, the police prepared a photo array and conducted a photo array identification with Butler. Butler positively identified Sanders's photograph as the male he knew as "Will" and the man who tried to gain access to Furcsik's car through the passenger door on May 24th. In open court, Butler also identified Sanders as the person who was at the passenger's door of Furcsik's car that evening.

{¶8} At the close of the State's case, the trial court granted Sanders's Crim.R. 29 motion for judgment of acquittal on the kidnapping charge. The jury found Sanders guilty of both counts of aggravated robbery, Counts 4 and 5 of felonious assault, and discharge of a firearm. Additionally, he was found guilty of the one- and three-year

firearm specifications corresponding to each count.   The jury found Sanders not guilty of Count 6, felonious assault against Butler.

{¶9} At sentencing, the parties agreed that both counts of aggravated robbery merged for sentencing, and the State elected that Sanders be sentenced on Count 2, with the firearm specification; both counts of felonious assault merged, and the State elected that Sanders be sentenced on Count 4.   Sanders's conviction for discharge of a firearm stood on its own; thus it did not merge with any other count.   Sanders was sentenced to an aggregate prison term of six years.

{¶10} Sanders appeals, raising three assignments of error.

## I.   Jury "Conviction" of Allied Offenses

{¶11} In his first assignment of error, Sanders contends that "the jury erred to [his] prejudice * * * in separately convicting him on allied offenses of similar import."   He claims the jury violated his double jeopardy rights by "convicting" him of both aggravated robbery and felonious assault.

{¶12} As the State correctly argues, no error occurred because the jury cannot "convict" a defendant; rather, the jury found him guilty of the separate offenses of aggravated robbery and felonious assault.   Sanders was not "convicted" until he was sentenced by the trial court.

{¶13} R.C. 2941.25(A) prohibits multiple punishments for the same conduct. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 10.   "[F]or purposes of R.C. 2941.25, a 'conviction' consists of a guilty verdict and the imposition of

a sentence or penalty." (Emphasis deleted.) *Id*. at ¶ 12. Because there may be only one conviction under R.C. 2941.25(A), "[a] defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses." *Id*. at ¶ 17. The State retains the right to elect which allied offense to pursue at sentencing. *Id*. at ¶ 20. Upon the State's election, the court is required to "merge the crimes into a single conviction for sentencing, * * * and impose a sentence that is appropriate for the merged offense." (Citation omitted.) *Id*. at ¶ 24. Although a defendant may not be punished for both allied offenses, the finding of guilt remains intact, both before and after the merger of allied offenses for sentencing. *Id*. at ¶ 27. Accordingly, Sanders's first assignment of error is overruled.

## II. Allied Offenses — Aggravated Robbery and Felonious Assault

{¶14} In his second assignment of error, Sanders contends that the trial court erred in separately convicting him on allied offenses of similar import. Again, Sanders argues that his convictions for aggravated robbery and felonious assault are allied offenses; thus, he should have only received one sentence.

{¶15} The Ohio Supreme Court redefined the test for determining allied offenses of similar import subject to merger under R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the

commission of the other. The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct. *Johnson* at syllabus. "If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.*, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50, (Lanzinger, J., dissenting). The determination of whether offenses are allied is to be made prior to sentencing the defendant. *Johnson* at ¶ 47. Moreover, the Ohio Supreme Court has found that the failure to merge allied offenses of similar import constitutes plain error and a sentence that contains an allied offense error is contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26, 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845; R.C. 2953.08(A)(4).

**{¶16}** At sentencing, defense counsel and the State asserted that the two counts of aggravated robbery merged for sentencing, the two counts of felonious assault merged for sentencing, and the discharge of a firearm count did not merge with any other offense. In fact, it was defense counsel who initially set forth the offenses that he believed were allied offenses. Nevertheless, we do not find that defense counsel and the State's recommendation regarding allied offenses precludes our review, considering the Ohio Supreme Court's holding in *Underwood* that "R.C. 2953.08(D)(1) does not bar appellate review of a sentence that has been *jointly recommended by the parties and imposed by the*

*court* when the sentence includes multiple convictions for offenses that are allied offenses of similar import."   (Emphasis added.)   *Id*. at ¶ 33.

{¶17} Accordingly, we find that defense counsel and the State's agreement as to which offenses were allied and merged for sentencing does not preclude our plain error review of this issue.   To hold otherwise would effectively bind a defendant to any misstatement of law or conclusion of law made by his defense counsel and then agreed to by the State.   *See, e.g., State v. Corbin*, 8th Dist. No. 77079, 2001-Ohio-4140 (misstatement of maximum penalty, although agreed to by both defense counsel and the State, warranted reversal of plea).

{¶18} Sanders argues on appeal that all counts of aggravated robbery and felonious assault are allied offenses and should have merged for sentencing and thus one sentence should have been imposed.   The trial court declared that both counts of aggravated robbery merged with each other and both counts of felonious assault merged with each other; thus Sanders was sentenced on one court of aggravated robbery and one count of felonious assault.

{¶19} Count 2 of the indictment charged Sanders with aggravated robbery in violation of R.C. 2911.01(A)(1).   The indictment stated that Sanders "did in attempting or committing a theft offense * * * or fleeing immediately after the attempt or offense upon Jason F. Furcsik did have a deadly weapon, to wit: a firearm and/or a handgun, on or about [his] person or under [his] control and either displayed the weapon, brandished it, indicated that [he] possessed it, or used it."

{¶20} Count 5 of the indictment charged Sanders with felonious assault in violation of R.C. 2903.11(A)(2). The indictment stated that Sanders "did knowingly cause or attempt to cause physical harm to Jason F. Furcsik by means of a deadly weapon or dangerous ordnance, to wit: a firearm and/or a handgun."

{¶21} Count 3 charged Sanders with aggravated robbery, in violation of R.C. 2911.01(A)(3). The indictment stated that Sanders "did, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense upon Jason F. Furcsik did inflict, or attempt to inflict, serious physical harm on Jason F. Furcsik."

{¶22} Count 4 charged Sanders with felonious assault in violation of R.C. 2903.11(A)(1), which, as indicted, provided that Sanders "did knowingly cause serious physical harm to Jason F. Furcsik."

{¶23} Applying *Johnson*, we find that Count 2, aggravated robbery, and Count 5, felonious assault, are allied offenses of similar import. Sanders committed the aggravated robbery under R.C. 2911.01(A)(1) when his companion stuck the gun to Furcsik's head while demanding money and that Furcsik get out of his car. Sanders also committed the felonious assault under R.C. 2903.11(A)(2) when the gun was pointed to Furcsik's head and Furcsik was threatened that he would be killed if he did not get out of his car. We find that these offenses were committed with the same animus.

{¶24} Moreover, we find that Count 3, aggravated robbery and Count 4 felonious assault are allied offenses and thus should have merged for sentencing. Sanders committed the aggravated robbery under R.C. 2911.01(A)(3) when his companion shot at

Furcsik as he tried to flee from the robbery. Sanders committed the felonious assault under R.C. 2903.11(A)(1) when the bullet from that shot struck Furcsik in the leg. Therefore, we find that these offenses were committed with the same animus.

{¶25} In summary, we find that two different events unfolded in this case. The first being when Sanders and his companion planned to rob Furcsik and held a gun to his head. This event and these actions constitute both aggravated robbery under R.C. 2911.01(A)(1) and felonious assault in violation of R.C. 2903.11(A)(2). Thus, these offenses were committed with the same animus. The second event then becomes when Furcsik attempted to flee and was shot. This event constitutes both aggravated robbery under R.C. 2911.01(A)(3) and felonious assault under R.C. 2903.11(A)(1). Thus, these offenses were committed with the same animus.

{¶26} Accordingly, the trial court committed plain error by merging the aggravated robbery counts together and the felonious assault counts together. Rather, the trial court should have merged Count 2, aggravated robbery, with Count 5, felonious assault; and then should have merged Count 3, aggravated robbery, with Count 4, felonious assault; all counts, however, do not merge together as Sanders argues on appeal. While we recognize that our decision in this case may yield the same sentence, upon remand, we nevertheless reverse Sanders's sentence and remand to the trial court for resentencing for the State to elect which counts to proceed with sentencing.

### III. Manifest Weight of the Evidence

**{¶27}** In his final assignment of error, Sanders argues that his convictions are against the manifest weight of the evidence.

**{¶28}** The manifest weight of the evidence standard of review requires this court to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Kronenberg*, 8th Dist. No. 96797, 2012-Ohio-589, ¶ 12, citing *State v. Otten*, 33 Ohio App.3d 339, 515 N.E.2d 1009 (9th Dist.1986), paragraph one of the syllabus. The use of the word "manifest" means that the trier of fact's decision must be plainly or obviously contrary to all of the evidence. This is a difficult burden for an appellant to overcome because the resolution of factual issues resides with the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

**{¶29}** We find that the jury did not lose its way in finding Sanders guilty of aggravated robbery and felonious assault. The jury heard eyewitness testimony that Butler saw a male try to enter the passenger side of Furcsik's vehicle, knew that person as "Will," and picked "Will" out of the photo array as the person who was trying to gain access. Although Butler did not disclose "Will's" identity to police until a week following the incident, the jury was in the best position to consider Butler's credibility

and his justification for not disclosing this information. Moreover, the record demonstrates that the jury carefully considered the evidence in rendering its verdict.[1] This is not the exceptional case to warrant reversal under a manifest weight challenge and order a new trial. *See State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶30}** Accordingly, Sanders's final assignment of error is overruled.

**{¶31}** Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with the law and this opinion.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS; and
COLLEEN CONWAY COONEY, J., CONCURS IN PART AND DISSENTS IN PART
WITH SEPARATE OPINION

---

[1] The record shows that the jury deliberated for three days, submitted multiple questions during its deliberations to the trial court, and ultimately received the *Howard* charge before finally rendering its verdict. *See State v. Howard*, 42 Ohio St.3d 18, 537 N.E.2d 188 (1989), paragraph two of the syllabus.

COLLEEN CONWAY COONEY, J., CONCURRING IN PART, DISSENTING IN PART:

{¶32} I concur in all but the majority's resolution of the second assignment of error dealing with allied offenses. I dissent on this portion only and would affirm the trial court judgment completely. I find the instant case analogous to *State v. Stone*, 8th Dist. No. 92949, 2010-Ohio-3308, ¶ 24, in which we stated:

> The facts in this case suggest Stone planned to rob Coleman and Hill by holding them up at gunpoint. Because of Hill's attempt to disarm the other assailant, Stone chose to pistol-whip Hill. At this point, what had begun as aggravated robbery evolved into felonious assault. And while we agree that Stone's pistol-whipping of Hill constitutes an element of R.C. 2911.01(A)(3), we nonetheless find that it began as the separate crime of felonious assault, and therefore Stone can be convicted of both. We find that Stone's convictions for felonious assault and aggravated robbery were not allied offenses because Hill's testimony supports separate convictions where Stone engaged in a separate animus to commit each crime.

{¶33} Likewise, Sanders planned to rob the victim while his companion held a gun to his head. Then when the victim attempted to flee, he was shot. Shooting the victim is the separate crime of felonious assault, thus not an allied offense under these circumstances.

{¶34} I disagree with the majority's finding plain error in the offenses merged, especially when this is not the argument Sanders's counsel is raising in this appeal. As the majority recognizes, counsel is seeking merger of all four offenses into one sentence, not the change in which offenses the parties agreed to merge. Sanders was convicted of two alternative means of committing aggravating robbery and two ways of committing felonious assault. He should be convicted of and sentenced on one aggravated robbery charge and one felonious assault charge. Therefore, I would affirm.