[Cite as *State v. Primus*, 2011-Ohio-5497.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96191**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GILBERT PRIMUS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-535498

**BEFORE:**   E. Gallagher, J., Kilbane, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**     October 27, 2011

**ATTORNEYS FOR APPELLANT**

Bret Jordan
Lindner, Sidoti, Jordan LLP
2077 East 4th St., 2nd Floor
Cleveland, Ohio   44115

Edward M. Graham
13363 Madison Avenue
Lakewood, Ohio    44107

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Brian S. Deckert
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶ 1}   Defendant-appellant, Gilbert Primus, appeals his convictions entered in the Cuyahoga County Court of Common Pleas.   Appellant argues that he was denied his right to effective assistance of counsel at trial and that his right to a fair trial was infringed due to cumulative plain errors by the trial court.   For the following reasons, we affirm the judgment of the trial court.

{¶ 2} Appellant was indicted on March 26, 2010 and charged with three counts of felonious assault in violation of R.C. 2903.11(A)(2) (Counts 1, 10, and 11), three counts of failure to comply in violation of R.C. 2921.331(B) (Counts 2, 3, and 12), attempted felonious assault in violation of R.C. 2923.02 and R.C. 2903.11(A)(1) (Count 4), assault in violation of 2903.13(A) (Count 5), two counts of aggravated robbery in violation of R.C. 2911.01(B)(1) and R.C. 2911.01(A)(3) (Counts 6 and 7, respectively), robbery in violation of R.C. 2911.02(A)(2) (Count 8), kidnapping in violation of R.C. 2905.01(B)(1) (Count 9), two counts of theft in violation of R.C. 2913.02(A)(1) and R.C. 2913.02(A)(2) (Counts 13 and 14, respectively), having weapons under disability in violation of R.C. 2923.13(A)(3) (Count 15), improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) (Count 16), carrying a concealed weapon in violation of R.C. 2923.12(A)(2) (Count 17), and possessing criminal tools in violation of R.C. 2923.24(A) (Count 18).

{¶ 3} Appellant pled not guilty to the indictment and the case proceeded to trial on October 21, 2010. Prior to trial the state dismissed counts 4, 8, 9, 10, 11, 12, 14, 16, and 17.[1]

{¶ 4} It was the state's evidence at trial that on March 8, 2010, an employee of

---

[1]The trial court renumbered the remaining counts for the purposes of trial. Count 5 became Count 4; Count 6 became Count 5; Count 7 became count 6; Count 13 became Count 7; Count 15 became Count 9; Count 18 became Count 8. Renumbered Count 9 (having weapons under disability) was tried to the bench. The remaining counts were tried to the jury.

Giant Eagle on West 117th Street in Cuyahoga County, observed an unknown male exiting the store with a shopping cart loaded with meat. Suspecting that this individual was attempting to steal the merchandise, the employee notified store security. Cuyahoga County Deputy Sheriff Landry Simmons was working as a security guard at the store at the time and responded to the request for security. In the store's parking lot near a Pontiac van, Deputy Simmons confronted a man wearing a red hat with a shopping cart full of meat, identified himself, and ordered the man to stop and return the merchandise.

{¶ 5} The man fled on foot and Deputy Simmons returned to the van and observed the cart of food inside of the van.[2] The van began to move and struck Deputy Simmons on his right leg and knee. Deputy Simmons testified that he became entangled with a latch on an open passenger door of the moving van and had to pull himself inside the vehicle to avoid being run over. Once inside, Deputy Simmons ordered the driver to stop the vehicle. Deputy Simmons made an in-court identification of defendant Gilbert Primus as the driver of the van.

{¶ 6} Deputy Simmons testified that he and the appellant engaged in a struggle inside the vehicle. Deputy Simmons felt a metal object under the appellant's clothing that he believed to be a gun. The appellant reached for the object and Deputy Simmons

---

[2] The trial testimony of Deputy Simmons was at times convoluted. It is unclear from Deputy Simmons's testimony how the food cart came to be inside the van during the incident.

struggled with the appellant until both men fell out of the driver's side door of the vehicle. On the ground, Deputy Simmons attempted to arrest the appellant and the two continued to fight. Deputy Simmons testified that the appellant tried to grab his firearm during the struggle. Eventually the appellant broke free of Deputy Simmons by slipping free of and discarding the jacket he was wearing. Appellant fled in the van leaving behind his jacket. Deputy Simmons testified that while fleeing, appellant stopped the van and extended his arm while holding a black object outside the driver's side window that the deputy believed to be a gun. Deputy Simmons responded by firing two shots from his own gun, at least one of which he believed struck the vehicle near the driver's side window.

{¶ 7} Appellant was identified by police through a cell phone recovered from the jacket and through a photo array identification by Deputy Simmons. Appellant's DNA was found to be consistent with DNA swabs obtained from the jacket and a hat that Deputy Simmons identified as the hat worn by appellant at the time of their struggle. Police learned that a van titled to appellant was transferred to a third party on March 10, 2010. The van was found to have a bullet hole covered with a decorative strip decal and electrician's tape. Also recovered from inside the van was paperwork and a pill bottle with appellant's name on the label.

{¶ 8} The jury returned a verdict of guilty as to counts 1, 2, 3, 5, 6, 7, 13, and 18. The court found appellant not guilty on Count 9. Appellant was sentenced to five years

in prison.   Appellant brought the present appeal, advancing two assignments of error.

{¶ 9}   Appellant's first assignment of error states:

"Appellant was denied his right to effective assistance of counsel at trial, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution."

{¶ 10} In order to substantiate a claim of ineffective assistance of counsel, appellant is required to demonstrate that: (1) the performance of defense counsel was seriously flawed and deficient; and (2) the result of his trial or legal proceeding would have been different had defense counsel provided proper representation.  *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, paragraph two of the syllabus; *State v. Brooks* (1986), 25 Ohio St.3d 144, 147, 495 N.E.2d 407.   Judicial scrutiny of defense counsel's performance must be highly deferential.  *Strickland*, supra, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.   In Ohio, there is a presumption that a properly licensed attorney is competent.  *State v. Smith* (1985), 17 Ohio St.3d 98, 100, 477 N.E.2d 1128, citing  *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 301, 209 31 O.O.2d 567, N.E.2d 164.   An appellant bears the burden of proving his claim of ineffective assistance of counsel.   Id.

{¶ 11} Initially, the defendant must show that counsel's performance was deficient. To meet that requirement, the defendant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. The defendant may prove counsel's conduct was deficient by identifying

acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland*, supra, 466 U.S. at 690, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 12} Next, if the defendant successfully proves that counsel's assistance was ineffective, the second prong of the *Strickland* test requires the defendant to prove prejudice in order to prevail. Id. at 692. To meet that prong, the defendant must show that counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. A defendant meets this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

{¶ 13} Appellant argues that his counsel was deficient for failing to request that a juror be removed from the panel, failing to object to the introduction of the name of the drug on the recovered pill bottle, and failing to move for a mistrial for the same reason.

{¶ 14} R.C. 2313.42 states in relevant part that:

"The following are good causes for challenge to any person called as a juror: * * * (J) That he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court."

{¶ 15} R.C. 2945.25 states in relevant part:

"A person called as a juror in a criminal case may be challenged for the following causes: * * * (B) That he is possessed of a state of mind evincing enmity or bias

toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial; * * *."

{¶ 16} As long as a trial court is satisfied, following additional questioning of the prospective juror, that the juror can be fair and impartial and follow the law as instructed, the court need not remove that juror for cause. *State v. Moss*, Summit App. No. 24511, 2009-Ohio-3866, at ¶11, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301; *State v. Bryan*, 101 Ohio St.3d 272, 285-286, 2004-Ohio-971, 804 N.E.2d 433.

{¶ 17} In the present case, juror number 7 brought to the court's attention the fact that Deputy Simmons had shopped in the juror's clothing store approximately two weeks prior to the trial. The juror conversed with Deputy Simmons in his role as a salesman for ten to 15 minutes. The trial court and counsel voir dired the juror on the interaction and the juror indicated that the prior interaction did not leave him biased in any way or more likely to believe Deputy Simmons's testimony. Satisfied with the juror's responses, the trial court allowed him to remain on the panel and neither party objected.

{¶ 18} Upon review of the transcript of the voir dire examination, it is clear that juror number 7 was capable of rendering an impartial verdict according to the law and the evidence. There being no basis for disqualification of the juror for cause, trial counsel's failure to so move did not deny the defendant effective assistance of counsel.

*State v. Cope* (Feb. 17, 1988), Summit App. No. 13213, (Further holding that trial counsel's choice not to use a pre-emptory challenge is within the realm of trial tactics and does not, absent a showing of prejudice, deny defendant effective assistance of counsel.); *State v. Collins*, Lucas App. No. L-05-1399, 2007-Ohio-3578, at ¶72; *State v. Vrabel*, Mahoning App. No. 95 CA 221. "[C]ounsel will not be deemed ineffective for failing to make a meritless objection." *State v. Copley*, Franklin App. No. 04AP-1128, 2006-Ohio-2737, ¶48, citing *State v. Shahan*, Washington App. No. 02CA63, 2003-Ohio-6495, at ¶38.

{¶ 19} Appellant also argues that his counsel was ineffective for failing to object when a witness for the State read the name of the drug on the recovered pill bottle, Geodon, into evidence and failing to move for a mistrial on the same basis. Juror number 6 brought to the attention of the trial court the fact that he was a physician, that he had worked with many schizophrenic patients and he recognized the drug Geodon as a drug commonly used to treat depression with psychotic features or schizophrenia. The trial court voir dired juror number 6 on this issue and he indicated that this specific knowledge might impact his deliberations. He also related that he was concerned that other jurors, knowing that he was a physician, might ask him about the drug. Counsel for appellant moved for juror number 6 to be removed for cause and the trial court granted the motion without objection from the appellee.

{¶ 20} In considering a claim of ineffective assistance of counsel, an appellate

court need not examine counsel's performance if the defendant fails to prove the second prong of prejudicial effect. *State v. Bradley* (1989), 42 Ohio St.3d 136, 143, 538 N.E.2d 373. "The object of an ineffectiveness claim is not to grade counsel's performance." Id.

{¶ 21} Even if we assume that appellant's counsel performed deficiently by failing to object to the mention of Geodon, appellant has not established that he was prejudiced in any manner. Courts may not simply assume the existence of prejudice, but must require that prejudice be affirmatively demonstrated. See *State v. Clark*, Pike App. No. 02CA684, 2003-Ohio-1707, at ¶22; *State v. Tucker*, Ross App. No. 01CA2592, 2002-Ohio-1597. There is no indication in the record that appellant suffered any prejudice as a result of counsel's failure to object to the Geodon testimony or move for a mistrial on the same basis. A juror with specialized medical knowledge indicated that Geodon was not a commonly known medication but rather a drug known to him due to his niche experience in psychiatric medicine. Furthermore, while the juror was concerned of the possibility that other jurors might ask him about the drug, the record is clear that none of the jurors had done so prior to the juror bringing the issue to the trial court's attention. Finally, trial court explicitly instructed the excused juror not to discuss the matter with his fellow jurors and the juror acknowledged the importance of the trial court's mandate.

{¶ 22} Appellant has failed to demonstrate that prejudice resulted to the extent that the outcome at trial clearly would have been different. Ineffective assistance of

counsel has not been demonstrated.

{¶ 23} Appellant's first assignment of error is overruled.

{¶ 24} Appellant's second assignment of error states:

"The court committed plain error when it failed to remedy multiple irregularities in the trial that, taken as a whole, deprived appellant of a fair trial."

{¶ 25} Appellant argues that the trial court erred by allowing juror number 7 to remain on the panel despite his prior interaction with Deputy Simmons and by allowing the introduction of the drug name Geodon into evidence. Appellant failed to object to the trial court's decision to allow juror number 7 to remain on the panel and failed to object to the introduction of the term "Geodon" at trial, thus waiving all but plain error. *State v. Sutton*, Cuyahoga App. No. 90172, 2008-Ohio-3677, at ¶10, citing *State v. Childs* (1968), 14 Ohio St.2d 56, 263 N.E.2d 545.

{¶ 26} To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See *State v. Tichon* (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. *State v. Waddell* (1996), 75 Ohio St.3d 163, 166, 661 N.E.2d 1043. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83, 1995-Ohio-171, 656 N.E.2d 643.

**{¶ 27}** Appellant is unable to demonstrate plain error in the present case because he cannot demonstrate that he was prejudiced, in any manner, by the above claimed errors. The record is devoid of any indication that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.

**{¶ 28}** Appellant's second assignment of error is overruled.

**{¶ 29}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
KENNETH A. ROCCO, J., CONCUR