**[Cite as *State v. Webb*, 2013-Ohio-699.]**

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98628**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHRISTOPHER D. WEBB

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557717

**BEFORE:**   Stewart, A.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   February 28, 2013

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road, Suite 613
Cleveland Heights, OH    44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Jennifer A. Driscoll
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Christopher D. Webb pleaded guilty to two counts of rape in violation of R.C. 2907.02(A)(1)(a) and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) against his seven-year-old daughter. In this appeal, he complains that the court failed to calculate his jail- time credit and that the gross sexual imposition counts should have merged into the rape counts for sentencing.

I

{¶2} Webb's first and second assignments of error claim that the court failed to calculate his jail-time credit and that trial counsel was ineffective for failing to request the calculation. These assignments are without merit because the court's sentencing entry states: "Defendant to receive jail time credit for 167 day(s) to date."

II

{¶3} Webb's third assignment of error is that the gross sexual imposition counts should have merged into the rape counts for sentencing. He argues that the state did not show that the gross sexual imposition counts occurred at different times so they were part of one continuous act.

{¶4} When a defendant's conduct results in the commission of two or more "allied" offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A). Offenses are "allied" and must be merged for sentencing if the defendant's conduct is

such that a single act could lead to the commission of separately defined offenses, but those separate offenses were committed with a state of mind to commit only one act. *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50. Our review of an allied offenses question is de novo. *State v. Williams*, ___ Ohio St.3d ___, 2012-Ohio-5699, ___ N.E.2d ___, ¶ 28.

{¶5} All of the counts were originally charged as occurring between July 2011 and November 2011. During the plea hearing, the state amended the rape counts to list two specific dates: July 2011 and November 2011. The gross sexual imposition counts were not amended to list specific dates for those offenses.

{¶6} During the sentencing hearing, the state read summaries of interviews the victim had with a police detective and social worker. The first interview was with the detective and showed:

> [The victim] refers to her vagina has [sic] her private part and she told me that her dad puts his fingers inside of her. [The victim] showed me the swirling motion her father makes when she [sic] touches her body[.] I asked her how she felt when her father touched her. She said, "Awkward."

{¶7} In that same summary of the interview, the detective referenced the November 2011 date as the "last time [the victim] remembers it happening[.]" In this interview, the victim said:

> And when asked if her father touched her with any other part of his body she pointed at her private parts to say he touched her with his tongue. She pointed at her buttocks and said he puts his penis there.
>
> I asked [the victim] if she was forced to touch her father anywhere. She said he makes her touch his penis. And she showed me a pulling back and

forth motion[.] [S]he said that her dad made her put her mouth on his penis. She said something clear and sticky would come out of his penis.

{¶8} In the interview with the social worker, the victim said that Webb told her that she "could feel" his "boy thing" and that he wanted her to "start from the bottom to the end." When she did this, "slimy clear stuff came out." When asked if Webb did anything else to her with his "boy thing," the victim pointed to her genital area and said he touched her "bottom * * * [s]ometimes inside, sometimes outside." She then said that "it went into her mouth because he kind of told me to stick it in all the way as far as it would go."

{¶9} The interview of the July 2011 count gave facts showing one act of rape and no acts of gross sexual imposition. With no other evidence showing that any other acts were committed with the same conduct, the rape count stands alone and does not merge into any other counts that were committed on a different date. *State v. Walker*, 8th Dist. No. 95974, 2011-Ohio-4239, ¶ 56.

{¶10} The interview of the November 2011 count gave facts showing one count of oral rape and two counts of gross sexual imposition (manipulating the penis and touching the buttocks). The two acts of gross sexual imposition were committed with different conduct and thus do not merge. *State v. Williams*, 8th Dist. No. 94616, 2011-Ohio-925, ¶ 60.

{¶11} In addition, the acts of gross sexual imposition were not committed at the same time as the rape count, so they were not committed with a state of mind to commit only one act. This was not a case where a gross sexual imposition count was charged as

having occurred simultaneously with an anal rape; for example, touching a victim's buttocks during the commission of an anal rape.  Under that scenario, the counts would merge because there was a state of mind to commit only one act — a rape — and any other touching was the same conduct committed as part of a single transaction of rape.

{¶12} In this case, the charged acts of gross sexual imposition were neither committed with the same conduct nor were they part of a single act.  The charges were distinct and thus constituted separate conduct from the rape.  They, therefore, do not merge for sentencing.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR