[Cite as *State v. Murphy*, 2013-Ohio-2196.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98124**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER MURPHY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558029

**BEFORE:** Rocco, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 30, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Adrienne E. Linnick
Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Christopher Murphy appeals from his sentence for aggravated burglary and felonious assault, both with firearm specifications. Murphy argues that the trial court should have merged the firearm specifications, that his plea was not entered knowingly and voluntarily, that his trial counsel was ineffective, and that the trial court should have merged the aggravated burglary and the felonious assault charges. We disagree. The trial court's final judgment is affirmed.

{¶2} On November 11, 2011, Murphy and three unknown juveniles entered the Terrace Tower apartment building with firearms. Murphy and the juveniles entered one of the apartments, robbing at gunpoint Lawrence Tanner, Tonia Colvin-Ward, and Khalilah Thomas. Murphy pistol-whipped Tanner and Colvin-Ward. After exiting the apartment, Murphy attempted to flee the building and, in doing so, he brandished a firearm, threatening security guard Timothy St. Clair.

{¶3} As a result of the incident, Murphy was charged in a thirteen-count indictment. Murphy pleaded guilty to aggravated burglary (R.C. 2911.11(A)(2)) and to felonious assault (R.C. 2903.11(A)(1)). The state nolled the other counts. Both counts included one and three-year firearm specifications (R.C. 2941.141(A); R.C. 2941.145(A)). The two charges were divided amongst the four victims as follows: Tanner (both counts), Colvin-Ward (both counts), Thomas (aggravated burglary), and St. Clair (felonious assault).

{¶4} Murphy was sentenced to twenty-years imprisonment. Murphy's sentence included eight years on the aggravated burglary charge and six years on the felonious assault charge to be served consecutively. The trial court merged the one-year firearm specifications with the three-year firearm specifications but imposed the two three-year specifications consecutively to each other and to the underlying offenses.

{¶5} Murphy filed his notice of appeal from the trial court's entry of final judgment and presents four assignments of error for review.

> I. The trial court violated Murphy's rights under the double jeopardy clause by failing to merge the firearm specifications, because the offenses were committed as part of the same transaction.

> II. The trial court violated Murphy's rights under the double jeopardy clause by failing to merge the aggravated burglary and felonious assault charges, because the offenses were allied.

> III. Murphy's plea was not entered knowingly and intelligently because the trial court advised him during his plea colloquy that his sentences on the firearm specifications would merge, but the trial court ultimately ordered the sentences to run consecutively.

> IV. Murphy received ineffective assistance of counsel at the plea colloquy, because his counsel advised him that the law required that the two firearm specifications would merge, when the law requires that the firearm-specification sentences run consecutively.

{¶6} We consider the assignments of error out of order for ease of discussion. In his first assignment of error, Murphy argues that the trial court should have merged the firearm specification for the aggravated burglary with the firearm specification for the felonious assault. We disagree, because the trial court lacked discretion to merge the firearm specifications. Under R.C. 2929.14(B)(1)(g) (former R.C. 2929.14(D)(1)(g)):

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies [is] * * * felonious assault * * *, and if the offender is convicted of or pleads guilty to a [firearm] specification * * * under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court *shall* impose on the offender the prison term specified under division (B)(1)(a) of this section *for each* of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty * * * .

(Emphasis added.) *State v. Cassano*, 8th Dist. No. 97228, 2012-Ohio-4047, ¶ 34 (interpreting the statute under former R.C. 2929.14(D)(1)(g) and concluding on similar facts that "the court was required to impose * * * prison terms for the two most serious specifications * * * ."); *State v. Lozado*, 8th Dist. No. 94902, 2012-Ohio-8, ¶ 9 (discussing former R.C. 2929.14(D)(1)(g) and stating that the statute "requires the trial court to impose the two most serious specifications if the defendant has been convicted of multiple felonies at least one of which is * * * felonious assault * * * ."). *See also State v. Bonner*, 8th Dist. Nos. 93168 and 93176, 2010-Ohio-2885, ¶ 14, fn. 1.

**{¶7}** The plain language of the statute and our accompanying case law dictates that a trial court is precluded from merging firearm specifications underlying separate charges where: (1) a defendant pleads guilty to two felonies, one of which is felonious assault; and (2) the defendant also pleads guilty to firearm specifications under R.C. 2929.14(B)(1)(a) in connection with both of those felonies.

**{¶8}** In the instant case, Murphy pleaded guilty to two felonies, one of which was felonious assault. Murphy also pleaded guilty to firearm specifications in connection with both of these felonies, under R.C. 2941.141(A) and R.C. 2941.145(A). Both of these firearm-specification provisions are listed under R.C. 2929.14(B)(1)(a).

Accordingly, R.C. 2929.14(B)(1)(g) applies and the trial court was precluded from merging the firearm specification underlying the aggravated burglary with the firearm specification underlying the felonious assault. Because the trial court could not merge the firearm specifications, Murphy's argument that the trial court should have done so is without merit. We overrule the first assignment of error.[1]

{¶9} In his third assignment of error, Murphy argues that his plea was not entered knowingly and intelligently because, according to Murphy, the trial court told him at the plea colloquy that the firearm specification underlying the aggravated burglary would merge with the firearm specification underlying the felonious assault. The record does not support Murphy's contention, and we overrule the assignment of error.

{¶10} According to Crim.R. 11(C)(2)(a) and (b), before a trial court may accept a guilty plea, it must make several findings, including that the defendant is making the plea voluntarily, that the defendant understands the nature of the charges against him and the maximum penalty involved, and that the defendant understands the effect of his guilty plea. On appeal, we review whether the trial court substantially complied with the procedures set forth in Crim.R. 11(C)(2)(a) and (b). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications

---

[1] This does not mean the trial court could not merge the one-year specification with the three-year specification for the aggravated burglary and the one-year specification with the three-year specification for the felonious assault. The trial court did, in fact, merge those specifications. What the trial court could not do was merge the specifications underlying one felony with the specifications underlying the other felony.

of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶11} Even where we determine that the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b), we will not vacate a guilty plea unless the defendant can show prejudice. *Veney* at ¶ 15. The test for prejudice is whether the plea would have otherwise been made. *Id.*

{¶12} Murphy asserts that at two different points during the plea colloquy the trial court misled him into believing that the firearm specifications for the aggravated burglary would merge with the firearm specifications for the felonious assault. But the portions of the transcript relied on by Murphy do not support this contention.

{¶13} Murphy first points to a section of the plea colloquy where the trial court separately discussed the aggravated burglary charge and the felonious assault charge. When discussing the aggravated burglary charge, the trial court informed Murphy that it would merge the one-year specification with the three-year specification. Next, the trial court discussed the felonious assault charge and explained that the one-year specification in conjunction with that charge would merge with the three-year specification. The trial court did not state that the firearm specification for the aggravated burglary would merge with the firearm specification for the felonious assault.

{¶14} Next, Murphy points to a hypothetical that the trial court presented at the plea colloquy. In that hypothetical, the firearm specification for the aggravated burglary charge merged with the firearm specification for the felonious assault. But nowhere in

the transcript does the trial court state that it planned to sentence Murphy as such. In fact, just the opposite: the trial court started the hypothetical by stating, "This is not a promise of a sentence." Tr. 8. Later, the trial court asked Murphy, "Do you understand there's no promise of a particular sentence?" to which Murphy replied, "I understand." *Id.* at 11.

{¶15} Importantly, the trial court informed Murphy that the maximum sentence that it could impose was 25 years. *Id.* at 14. This amount of time reflects a maximum sentence of eleven years for the aggravated burglary, with three years for the firearm specification, and eight years for the felonious assault, with three years for the firearm specification, all of which would run consecutively. Accordingly, when the trial court informed Murphy that the maximum sentence was 25 years, the trial court was also making clear that it was not promising Murphy that the firearm specifications would merge. Murphy indicated that he understood that the maximum time he could receive was 25 years and that he wanted to plead guilty. *Id.* at 15.

{¶16} At another point during the plea colloquy, the trial court informed Murphy that he could serve six years on the firearm specifications, which, again, indicates that Murphy was informed that the firearm specifications could run consecutively. *Id.* at 11. The trial court made no promise to Murphy that the firearm specifications would merge, and the trial court substantially complied with Crim.R. 11.

{¶17} Finally, Murphy has not argued that he suffered prejudice. He makes no assertion in his appeal briefs that he would not have pleaded if he knew that the firearm specifications would not merge. We overrule Murphy's third assignment of error.

{¶18} We also reject Murphy's fourth assignment of error that asserts that his trial counsel was ineffective in advising him that the law required that the sentences imposed on the two firearm specifications would merge. This contention is not supported by the record.

{¶19} A criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To determine whether a defendant received ineffective assistance of counsel, we first evaluate whether counsel's performance was deficient, meaning errors were so serious that counsel was not functioning as "counsel" guaranteed to the defendant under the Sixth Amendment. *Id.* at 687.

{¶20} If we determine that counsel's performance was deficient under the first prong, we must then determine whether the errors prejudiced the defendant such that the defendant was deprived of a fair and reliable trial. *Id.* We determine prejudice by analyzing whether "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is defined as probability sufficient to undermine confidence in the outcome. *Id.*

**{¶21}** Murphy argues, unpersuasively, that his counsel had informed him that the firearm specifications would merge. First, Murphy points to a portion of the plea colloquy where the trial court set forth a hypothetical scenario regarding Murphy's sentence, including a scenario where the firearm specifications merged.[2] At the end of the hypothetical, the trial court discussed the possibility of judicial release, stating that if Murphy was to get five years for the felonious assault:

> * * * I could say, I'm sending you to prison for all the time, you can apply for judicial release, and after you serve your mandatory period of time and/or after the required statutory time before you apply for judicial release, and I grant it, then that five years will be held over your head.

Tr. 9. In response, Murphy's trial counsel stated:

> Actually, what we talked about is just that scenario, if you did give him a five-year sentence potential on the underlying count, then he would have to serve the full five years before he could file * * *

*Id.*

**{¶22}** This interaction does not demonstrate that Murphy's trial counsel told him that the law required the trial court to merge the firearm specifications. Although it is unclear as to what exactly Murphy and his trial counsel had talked about, the implication is that they had been talking about how much of the sentence Murphy would have to serve before he could apply for judicial release. Regardless, this portion of the transcript does not support Murphy's contention that his trial counsel misstated the law to him.

---

[2]This is the same hypothetical that Murphy relies on in his third assignment of error.

**{¶23}** Murphy also attempts to prove that his trial counsel misunderstood the law by pointing to a portion of the sentencing transcript where his counsel argues that the firearm specifications should merge. But just because Murphy's trial counsel requested that the trial court merge the firearm specifications, does not mean that Murphy's counsel misunderstood the sentencing law or misstated the law to Murphy. In fact, Murphy's appellate counsel continues to press this very same merger argument on appeal in the first assignment of error, while also conceding that the law might preclude merger. The record does not reveal that Murphy's counsel performed deficiently at the plea colloquy or at the sentencing hearing and we overrule the fourth assignment of error.

**{¶24}** In his second assignment of error, Murphy asserts that the trial court erred because it should have merged the aggravated burglary charge with the felonious assault charge. We find no merit to this argument.

**{¶25}** When a defendant's conduct results in the commission of two or more "allied" offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A). In determining whether offenses merge, we consider the defendant's conduct. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 44.

**{¶26}** "If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149,

¶ 50 (Lanzinger, J., dissenting). If we answer both questions affirmatively, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶ 50.

**{¶27}** Although we concluded in an earlier case that an aggravated burglary could merge with a felonious assault, the facts of this case do not lead us to such a conclusion. In *State v. Lacavera*, 8th Dist. No. 96242, 2012-Ohio-800, one of the defendants knocked on the elderly victim's back door. The victim, who was hard of hearing, opened the locked door. The defendant pushed the door in, and shoved the victim up against the wall. The defendant asked the victim where the money was and then pushed her down the basement stairs. *Id.* at ¶ 4. We concluded that the defendant's "breaking into the house and inflicting physical harm on the victim by pushing her down the stairs (and thus completing the aggravated burglary) occurred as part of the same transaction as the [felonious assault]," and that the crimes were borne of the same animus. *Id.* at ¶ 46.

**{¶28}** Murphy relies on *Lacavera*, arguing that he committed the felonious assault and aggravated burglary with the same conduct, as well as the same animus — to steal from the occupants of the apartment. According to Murphy, when he forced his way into the apartment and pistol-whipped the occupants, he did so to accomplish the aggravated burglary. The argument follows that the offenses should merge.

**{¶29}** Murphy's argument completely ignores the fact that he was also convicted for felonious assault against St. Clair, a security guard who was not an occupant of the apartment. The aggravated burglary was already complete when Murphy committed the felonious assault against St. Clair. It follows that when Murphy drew his weapon against

St. Clair, he did not do so with the intent to accomplish the aggravated burglary, and thus, he acted with a separate animus. Accordingly, the felonious assault against St. Clair does not merge with the aggravated burglary charge. Murphy's argument is not well taken and we overrule the second assignment of error.

{¶30} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR