[Cite as *State v. Gillepsie*, 2013-Ohio-4917.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99553**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN GILLEPSIE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568400

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Alison Foy
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, John Gillepsie, appeals the sentence imposed by the common pleas court. After a careful review of the record and relevant case law, we affirm appellant's sentence.

## I. Factual and Procedural History

**{¶2}** On November 9, 2012, appellant was indicted on one count of kidnapping in violation of R.C. 2905.01(A)(2); three counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (A)(3); four counts of felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2); one count of discharge of a firearm on or near a prohibited premises in violation of R.C. 2923.161(A)(3); and one count of receiving stolen property in violation of R.C. 2913.51(A). Counts 1 through 9 of the indictment contained one- and three-year firearm specifications.

**{¶3}** Prior to the commencement of trial, appellant agreed to enter into a plea agreement whereby he pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), as amended in Count 2 of the indictment, with one- and three-year firearm specifications; two counts of felonious assault in violation of R.C. 2903.11(A)(2), as amended in Counts 5 and 6 of the indictment, with a one-year firearm specification attached to each count; and one count of receiving stolen property, as charged in Count 10 of the indictment.

**{¶4}** Prior to sentencing, the victims, Nadra Henen and Gerhard Herbst, addressed the court and provided an account of appellant's actions in this matter. Henen and Herbst were working at the Convenient Food Mart located at West 61st Street and Detroit

Avenue in Cleveland, Ohio, on the evening of October 24, 2012. At approximately 10:40 p.m., appellant entered the store brandishing a firearm and ordered Henen to give him everything in the cash register. Henen stated that she immediately closed the cash register drawer and yelled at appellant to leave the store. Herbst, who was standing next to Henen, stepped forward toward appellant, at which point appellant struck Herbst over the head with his firearm. When Henen attempted to stop appellant, she was also struck over the head with the firearm. Appellant then ran out of the store, firing a shot as he fled. Both Henen and Herbst suffered substantial injuries as a result of the attack. The following day, detectives from the Cleveland Police Department went to an address where appellant was known to reside and discovered the weapon used during the commission of the offense as well as the hat worn by appellant at the time of the robbery. The weapon recovered was later found to have been reported stolen.

{¶5} On January 31, 2013, the trial court imposed a prison sentence of 12 years. Appellant's sentence included four years on the aggravated robbery charge, two years each on the felonious assault charges, and six months on the receiving stolen property charge. The trial court ordered the sentences for the aggravated robbery and felonious assault charges to run consecutively to each other, but concurrently with the sentence for the receiving stolen property charge, for a total of 8 years on the underlying charges. The trial court further merged the one-year firearm specifications attached to the felonious assault charges, but ordered the remaining one-year specification to be served consecutively to the three-year specification attached to the aggravated robbery charge.

The trial court ordered the remaining four years of firearm specifications to be run prior and consecutive to the underlying charges.

{¶6} Appellant now brings this timely appeal, raising two assignments of error for review:

> I. The trial court erred in convicting and consecutively sentencing allied crimes of similar import which resulted in cumulative punishments violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Section 10, Article 1 of the Ohio Constitution.

> II. The trial court committed reversible error when it failed to merge all firearm specifications contained in the indictment in violation of O.R.C. 2929.14(D)(1)(b) and in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## II. Law and Analysis

### A. Allied Offenses

{¶7} In his first assignment of error, appellant argues that the trial court erred in failing to merge Count 2, aggravated robbery, with Counts 5 and 6, felonious assault. Appellant alleges that these offenses were committed with the same animus, and failure to merge the sentences for these three offenses constituted a violation of his Fifth Amendment rights.

{¶8} Initially, we note that, in an effort to avoid allied offenses arguments made after a valid plea was entered into, we reiterate a relevant statement made by this court over 30 years ago in *State v. Kent*, 68 Ohio App.2d 151, 155, 428 N.E.2d 453 (8th Dist.1980), fn.1. In *Kent,* Judge Alvin Krenzler stated:

> When there is a probability that the allied offense issue may arise in a case, the prosecutor and defense counsel would be well advised to squarely confront the issue in any plea bargaining that takes place. By

resolving this question at the plea bargaining stage and incorporating the resolution of the allied offense issue in the plea bargain to be placed on the record, the prosecutor and defense counsel will act to avoid later problems in the validity of the plea bargain, in the entering of the plea, in the acceptance of the plea, in the judgment of conviction, and any appeal of the case.

{¶9} Our review of an allied offenses question is de novo. *State v. Webb*, 8th Dist. Cuyahoga No. 98628, 2013-Ohio-699, ¶ 4, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28. The Ohio Supreme Court has established a two-step test to determine whether offenses are allied offenses of similar import under R.C. 2941.25(A). First, we must examine "whether it is possible to commit one offense and commit the other with the same conduct." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48. If the answer is yes, we must then determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting).

{¶10} In addressing the first step, we find that in either case it is possible to commit both offenses with the same conduct. An examination of the elements reveals that aggravated robbery under R.C. 2911.01(A)(1) prohibits the use of a deadly weapon while committing a theft offense, and felonious assault under R.C. 2903.11(A)(2) prohibits knowingly causing or attempting to cause physical harm by means of a deadly weapon. Thus, the single act of striking a person with a deadly weapon to effectuate a theft could constitute both offenses. *See State v. Sanders*, 8th Dist. Cuyahoga No. 97383, 2012-Ohio-3566, ¶ 23; *State v. Pope*, 6th Dist. Lucas No. L-12-1168, 2013-Ohio-4091, ¶ 20-21.

**{¶11}** We must now turn our attention to whether the offenses in this case were actually committed by the same conduct. We hold that they were not. Here, the aggravated robbery occurred at the moment appellant brandished his weapon and ordered Henen to empty the cash register. However, once Henen shut the register drawer, thereby preventing appellant from successfully completing the theft offense, appellant's state of mind immediately shifted. At the time appellant struck Henen and Herbst over their heads with his weapon, he was no longer attempting to commit the robbery. Rather, the record reflects that the assaults were committed out of frustration due to the victims' reluctance to comply with appellant's demands. Moreover, the victims' statements at sentencing indicate that the felonious assaults were also caused to further appellant's ability to flee the scene of the thwarted robbery. Thus, the ultimate physical attack on Henen and Herbst was not "slavishly tied to that initial criminal goal," but was made once the robbery did not go according to plan. *See State v. Shields*, 1st Dist. Hamilton No. C-100362, 2011-Ohio-1912, ¶ 18, citing *State v. Williams*, 8th Dist. Cuyahoga No. 94616, 2011-Ohio-925, ¶ 75 (S. Gallagher, J., concurring).

**{¶12}** For these reasons, we find that the trial court did not err in failing to merge the aggravated robbery and felonious assault convictions because they were committed with a separate animus, against separate victims.

**{¶13}** Appellant's first assignment of error is overruled.

### B. Merger of Firearm Specifications

**{¶14}** In his second assignment of error, appellant argues that the trial court erred in failing to merge all firearm specifications contained in the indictment in violation of

R.C. 2929.14(B)(1)(b). Appellant contends that because he committed his crimes as part of a single criminal objective, the firearm specifications should have merged. For the following reasons, we disagree.

{¶15} Ordinarily, the court is forbidden from imposing sentence on multiple firearm specifications for "felonies committed as part of the same act or transaction." R.C 2929.14(B)(1)(b). However, this section applies only to the extent that R.C. 2929.14(B)(1)(g) does not apply, which states:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶16} Thus, regardless of whether appellant's crimes were committed as part of a single transaction, R.C. 2929.14(B)(1)(g) specifically states that when a defendant is sentenced to more than one felony, including a count of aggravated robbery or felonious assault, the sentencing court "shall impose" the two most serious gun specifications and then may, in its discretion, impose additional sentences for additional firearm specifications. *E.g., State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, ¶ 69-72 (recognizing that R.C. 2929.14(B)(1)(g) "serves as an exception to the rule that multiple firearm specifications must be merged for purposes of sentencing when the predicate offenses were committed as a single criminal transaction").

{¶17} In the case at hand, appellant pled guilty to more than one felony, including one count of aggravated robbery and two counts of felonious assault. Appellant also pled guilty to firearm specifications in connection with three felonies, under R.C. 2941.141(A) and R.C. 2941.145(A). Both of these firearm specification provisions are listed under R.C. 2929.14(B)(1)(a). Accordingly, R.C. 2929.14(B)(1)(g) applies, and the trial court properly imposed the prison terms associated with each of the two most serious firearm specifications. Because the trial court could not merge the firearm specifications, appellant's argument that the trial court should have done so is without merit. *See State v. Murphy*, 8th Dist. Cuyahoga No. 98124, 2013-Ohio-2196; *State v. Sheffey,* 8th Dist. Cuyahoga No. 98944, 2013-Ohio-2463.

{¶18} Appellant's second assignment of error is overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR