[Cite as *State v. Ellis*, 2014-Ohio-4812.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100896**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RONALD ELLIS**, **JR.**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575857-A

**BEFORE:** Rocco, P.J., E.A. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

-i-

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Ronald Ellis, Jr. appeals from the 25-year sentence that the trial court imposed on him after he entered guilty pleas to several charges resulting from a brutal home invasion.

{¶2} Ellis presents four assignments of error. He claims that the trial court erred in imposing separate prison terms for his convictions because they are allied offenses pursuant to R.C. 2941.25(A). He claims that both the trial court and his defense counsel misconstrued R.C. 2929.14(B)(1)(g) by determining that the firearm specifications attached to some of the offenses required consecutive terms. He claims that the trial court's journal entry improperly imposed costs upon him that were not mentioned at the sentencing hearing. Ellis also claims that the trial court failed to consider the relevant statutes when it imposed a sentence that totaled 25 years.

{¶3} The state concedes that Ellis's third assignment of error has merit; therefore, that assignment of error is sustained. The portion of the sentence that purports to impose costs upon Ellis is reversed, and this matter is remanded for the limited and sole purpose of permitting the trial court to consider whether the imposition of costs is appropriate. However, the record fails to support Ellis's other claims. Consequently, his sentence is affirmed in all other respects.

{¶4} Ellis was indicted in this case on 15 counts relating to victims Richard and Margaret Kovachik, husband and wife, as follows: (1) attempted murder of Margaret; (2)-(4) aggravated burglary of the Kovachiks' home; (5)-(6) aggravated robbery of Margaret; (7), kidnapping of Richard; (8) and (9), kidnapping of Margaret; (10) felonious assault of Richard; (11) and (12) felonious assault of Margaret; (13) theft from Margaret; (14) grand theft motor vehicle from

Margaret; and (15) misuse of Margaret's credit cards. Each count carried both a one-year and a three-year firearm specification. Counts 13 and 15 each also carried a furthermore clause that identified the victim as an elderly person.

{¶5} Ellis eventually obtained a plea offer from the state. As outlined by the prosecutor, Ellis would plead guilty to Counts 2, 5, 7, 8, 10, and 12 through 15 and would cooperate in the prosecution of his codefendants in exchange for the state's dismissal of the remaining counts. The prosecutor noted that, even under the plea agreement, Ellis was "looking at a potential term of 73 years with regard to everything including the firearm specifications."

{¶6} The trial court conducted a thorough colloquy with Ellis before accepting his guilty pleas, finding him guilty of each of the specified counts, and dismissing the other counts of the indictment. The court then referred Ellis for a presentence report.

{¶7} Prior to the sentencing hearing, defense counsel obtained a psychological and neuropsychological assessment of Ellis. Both the prosecutor and defense counsel also filed sentencing memoranda; attached as exhibits to these documents were copies of letters from relatives and friends of Ellis and of the Kovachiks. When the trial court called the case for sentencing, the court indicated it had reviewed all of the material.

{¶8} The court first listened to the arguments of counsel with respect to the issue of the application of R.C. 2941.25 to Ellis's convictions. This required the prosecutor to provide additional facts concerning the incident. Defense counsel raised no objection to the details that the prosecutor provided.

{¶9} Thereafter, defense counsel spoke on his client's behalf, the prosecutor disputed some of defense counsel's assertions, and the trial court heard from Richard and his son. When Ellis addressed the court, he apologized for his actions but blamed his behavior on drugs.

{¶10} The trial court mentioned the purposes and principles of sentencing, discussed the facts of the case, considered the seriousness and the mitigating factors, and determined that consecutive sentences were necessary, were not disproportionate, and that "the harm caused by two or more of the multiple offenses * * * was so great or unusual that no single prison term * * * adequately reflect[ed] the seriousness" of Ellis's conduct. The court imposed a sentence on Ellis that totaled 25 years.

{¶11} Specifically, the court imposed two three-year terms for the firearm specifications attached to the convictions for aggravated burglary and kidnapping Margaret, prior to and consecutive with eleven years for the aggravated burglary, consecutive to eight years for kidnapping Margaret. Each of the sentences on the remaining counts were to be served concurrently with the foregoing. In its journal entry of sentence, the court also imposed "the costs of this prosecution" upon Ellis.

{¶12} Ellis filed a timely appeal and challenges his sentences with the following four assignments of error.

I. The trial court erred by failing to merge all allied offenses of similar import and by imposing separate sentences for allied offenses which violated Appellant's state and federal rights to due process and protections against double jeopardy.

II. Appellant's Fifth, Sixth, and Fourteenth Amendment rights were violated because the law regarding the imposition of multiple firearm specifications was misconstrued.

III. The court erred by ordering Appellant to pay costs.

IV. The trial court erred by imposing a sentence without engaging in any proportionality or consistency analysis, without considering the overriding purposes of felony sentencing, and by making consecutive sentence findings that are contrary to law and not supported by the record.

{¶13} In his first assignment of error, Ellis broadly argues that "all of the counts" to which he pleaded guilty "were committed by the same conduct, with a single animus and, therefore, the crimes involving each victim should have all merged for sentencing." Ellis's argument lacks merit.

{¶14} In *State v. Johnson*, 8th Dist. Cuyahoga No. 99822, 2014-Ohio-494, ¶ 18-20, this court made the following pertinent observations:

Our review of an allied offenses question is de novo. *State v. Webb*, 8th Dist. Cuyahoga No. 98628, 2013-Ohio-699, ¶ 4, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

R.C. 2941.25 is the codification of the judicial doctrine of merger and provides guidance as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25; *State v. Patterson*, 8th Dist. Cuyahoga No. 98127, 2012-Ohio-5511, ¶ 33.

In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established the proper analysis for determining whether offenses qualify as allied offenses subject to merger pursuant to R.C. 2941.25. In doing so, it expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, and held that rather than compare the elements of the crimes in the abstract, courts must consider the conduct of the accused:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct * * *. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations omitted and emphasis sic.) *Id.* at ¶ 48-51; *State v. Burt*, 8th Dist. Cuyahoga No. 99097, 2013-Ohio-3525, ¶ 30.

**{¶15}** In this case, all of the offenses were committed separately. According to the prosecutor, Ellis and a codefendant committed aggravated burglary when, armed with a gun, they broke into the Kovachiks' home, appropriated some duct tape to use against their victims, and then surprised the couple while they were watching television. Using the butt of the handgun, the assailants committed felonious assault when they beat each victim, striking them repeatedly in the head. *State v. Gillepsie*, 8th Dist. Cuyahoga No. 99553, 2013-Ohio-4917, ¶ 11. Ellis and his codefendant committed aggravated robbery as they pointed the gun at the victims, searched through Margaret's purses, and took her wallet. *Johnson*, ¶ 21.

**{¶16}** Proceeding to the kidnapping offenses, Ellis and his codefendant then tied Richard with duct tape to a chair. When Richard was thoroughly incapacitated, they took the keys to the Kovachiks' car. Ellis and his co-defendant then forced Margaret outside and shoved her into the trunk of her car, whereupon she also was secured with duct tape, then Ellis and his co-defendant closed the trunk and drove away. *State v. Huber*, 8th Dist. Cuyahoga No. 92923, 2011-Ohio-62, ¶ 35.

**{¶17}** Richard eventually escaped his restraints and sought help from one of his neighbors. During this time, the two assailants kept Margaret prisoner for an hour as they attempted to use her debit card in various locations. When they were unsuccessful, they struck her again with the gun and threatened to kill her. *Gillepsie*, ¶ 11. After they purchased an item with one of Margaret's credit cards, they abandoned her car in a location where it was difficult to see the vehicle, leaving Margaret inside, tied and bleeding. *Johnson* at ¶ 22.

**{¶18}** By that time, however, the police were searching for the Kovachiks' car. Once the police obtained information about the location where the assailants used Margaret's credit card, they searched the area, located the car, and rescued Margaret.

**{¶19}** Based upon these facts, the trial court correctly concluded that each offense was committed separately and with a separate animus.[1]    Accordingly, Ellis's first assignment of error is overruled.

**{¶20}** Ellis argues in his second assignment of error that the trial court wrongly interpreted R.C. 2929.14(B)(1)(g).  He further argues that his trial counsel rendered ineffective assistance in agreeing with the trial court's interpretation of that statutory provision.  Neither of these arguments has merit.

**{¶21}** Ordinarily, a trial court cannot impose sentence on multiple firearm specifications for "felonies committed as part of the same act or transaction."  R.C. 2929.14(B)(1)(b). The proscription applies, however, only to the extent that R.C. 2929.14(B)(1)(g) does not.  That section of the statute states in pertinent part:

If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are * * * aggravated robbery [or] felonious assault * * * , and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court *shall* impose on the offender the prison term specified under division (B)(1)(a) of this section *for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty* and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

(Emphasis added.)

---

[1]This court considers that the trial court's handling of the allied offense issue in this case was a model for other courts to follow. *See* ¶ 7-10.

**{¶22}** Thus, when a defendant is sentenced to more than one felony that includes a count of aggravated robbery and a count of felonious assault, the sentencing court "shall impose" the two most serious gun specifications. *Gillespie,* 8th Dist. Cuyahoga No. 99553, 2013-Ohio-4917, ¶ 16. Whether or not Ellis's crimes were committed as part of a single transaction is immaterial; Ellis pleaded guilty to firearm specifications under R.C. 2941.141(A) and R.C. 2941.145(A) in connection with each of the felony counts the state did not dismiss, and both of these firearm specification provisions are listed under R.C. 2929.14(B)(1)(a). *Id.* at ¶ 17.

**{¶23}** Because R.C. 2929.14(B)(1)(g) specifically mandates the sentence the trial court imposed in this case for the firearm specifications attached to the charges of felonious assault and kidnapping, the trial court correctly interpreted the section. *Id.*, citing *State v. Murphy*, 8th Dist. Cuyahoga No. 98124, 2013-Ohio-2196; *State v. Sheffey*, 8th Dist. Cuyahoga No. 98944, 2013-Ohio-2463.

**{¶24}** In light of the foregoing, defense counsel had no reason to disagree with the trial court's interpretation of R.C. 2929.14(B)(1)(g). Counsel cannot be deemed ineffective merely for failing to raise a meritless objection. *State v. Primus*, 8th Dist. Cuyahoga No. 96191, 2011-Ohio-5497, ¶ 18.

**{¶25}** Ellis's second assignment of error, accordingly, also is overruled.

**{¶26}** In his third assignment of error, Ellis argues that the trial court's journal entry of sentence is flawed, because it purported to impose court costs upon him in spite of the fact that the court did not so state during the sentencing hearing. The state concedes that Ellis is correct. *State v. Battle*, 8th Dist. Cuyahoga No. 98294, 2013-Ohio-816, ¶ 16.

**{¶27}** Consequently, his third assignment of error is sustained. This case must be remanded, but only to provide Ellis the opportunity to seek a waiver of court costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 23.

**{¶28}** In his fourth assignment of error, Ellis invokes R.C. 2953.08(G)(2) and requests this court to reverse his sentence as "contrary to law," asserting that the trial court failed to give proper consideration to R.C. 2929.11 and 2929.12 in imposing a prison term that totaled 25 years. The record belies his assertion.[2]

**{¶29}** The trial court specifically stated that its decision was guided by R.C. 2929.11. Moreover, the court set forth the R.C. 2929.12 factors that it found to apply in this case. As to the seriousness of the offenses, the court stated in pertinent part:

> What I find most disturbing is the violation of the sanctity of the victims' home at nighttime, with weapons; assaulting physically elderly, helpless victims; robbing them of their possessions; duct taping their bodies; * * * removing the spouse from the home; * * * placing an elderly victim in an enclosed, confined, dark trunk;
> * * * allowing the police, fortunately, to discover her whereabouts.

**{¶30}** It must be noted in reviewing the trial court's comments that the record reflects that both victims sustained serious injuries, both physical and psychological. Indeed, Margaret required admission into a hospital's intensive care unit for facial fractures and a subarachnoid hemorrhage, and her short term memory suffered impairment as a result of the incident.

**{¶31}** Although the trial court mentioned the few mitigating factors in Ellis's favor, the court could not conclude that his expressed remorse was genuine. The trial court additionally made each of the necessary findings to impose consecutive prison terms as required by R.C. 2929.14(C)(4). *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 29-30.

**{¶32}** For these reasons, the sentence imposed on Ellis is not "clearly and convincingly contrary to law." *In re A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525. Ellis's fourth

---

[2]Indeed, a review of the record demonstrates that the trial court conducted a model sentencing hearing. *See* fn. 1.

assignment of error is overruled.  Ellis's sentence is affirmed in part, reversed in part, and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

MELODY J. STEWART, J., CONCURS;
EILEEN A. GALLAGHER, J.,
CONCURS IN JUDGMENT ONLY